UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON BYRD, aka KEBRA NAGAST,<br><br>Plaintiff,<br><br>vs.<br><br>VAN DYKEN, NORTH PARK SENIORS MANAGER JANE DOE; HOUSING COMMISSION MANAGER JANE DOE,<br><br>Defendants. | Case No. 25-cv-2011-RSH-BJW<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g)**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**AND**<br><br>**(3) DENYING MOTION TO POSTPONE AS MOOT**<br><br>**[ECF Nos. 6, 7]** |

Plaintiff Houston Byrd, also known as Kebra Nagast, a pretrial detainee in San Diego Central Jail, is proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). *See* ECF No. 1 ("Compl."). While not altogether clear, it appears Plaintiff seeks to sue the property

manager at North Park Seniors, a housing development located at Howard & Texas Streets in San Diego, for, among other things, breaking his TV, "gaslighting" him, and stalking him after an October 26, 2024, altercation on the property led to his arrest and eviction. *Id.*; *see also* ECF No. 3 at 1–2.

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint; instead, he filed a Motion to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 6. Plaintiff has also submitted three Declarations in support of his Complaint, and a Motion to Postpone the case until after he is released from custody. *See* ECF Nos. 3, 5, 7, 9, 10.

For the reasons explained below, the Court **DENIES** Plaintiff's Motions and **DISMISSES** the case without prejudice.

I.   **IFP MOTION**

   A.   **Legal Standard**

When someone files a lawsuit (other than a writ of habeas corpus) in a federal district court, the filer must pay a statutory fee of $350. *See* 28 U.S.C. § 1914(a).[1] Absent fee payment, the action may proceed only if the filer seeks, and the court grants him, leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007) ("*Cervantes*"). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners and criminal pretrial detainees like Plaintiff, however, "face an additional hurdle." *Id.*

"To help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-

---

[1]   The court charges an additional $55 administrative fee, but "[t]his fee does not apply to … persons granted *in forma pauperis* status under 28 U.S.C. § 1915." 28 U.S.C. § 1914 (Jud. Conf. Schedule of Fees, Dist. Ct. Misc. Fee Schedule § 14 (eff. Dec. 1, 2023); *see also* S.D. Cal. CivLR 4.5.a.

strikes rule." *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 597 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)); *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial." *Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017). The "central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25.

"[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason." *Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019). "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). Once a prisoner accumulates three strikes, however, § 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

**B.    Analysis**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances. A review of both Southern and Central

District of California district court dockets publicly available on PACER show Plaintiff, who is also known as Kebra Nagast, is no longer eligible to proceed IFP because while incarcerated, he has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* Compl. at 1; ECF No. 4 at 1. Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of the docket records in Plaintiff's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

    The following records are sufficient to show Plaintiff has four qualifying strikes:

(1)   *Nagast v. Lee, et al.*, Case No. 3:01-cv-02362-L-NLS (S.D. Cal. April 2, 2002) (Order granting IFP and dismissing complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1)) (ECF No. 6);

(2)   *Nagast v. Director of Corrections, et al.*, Case No. 5:09-cv-01044-CJC-PJW (C.D. Cal. Feb. 28, 2012) (Report & Recommendation [R&R] to grant Defendants' motion to dismiss Second Amended Complaint for failure to state a claim) (ECF No. 94); *id.*, (C.D. Cal. April 26, 2012) (Order accepting R&R) (ECF No. 96); *id.*, (C.D. Cal. July 10, 2012) (R&R to dismiss civil action with prejudice for failure to amend and/or prosecute); *id.* (C.D. Cal. Sept. 26, 2012) (Order accepting R&R and dismissing civil action); [2]

(3)   *Nagast v. House of Metamorphosis*, Case No. 3:10-cv-1036-JAH-POR (S.D. Cal., Nov. 29, 2010) (Order dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) (ECF No. 10); and

---

[2]   *See Harris*, 863 F.3d at 1142 (finding that a failure to amend does "not negate the determination already made by the Court that the complaint [plaintiff] had filed ... failed to state a claim."). "A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend." *Id.* at 1143.

      (4)    *Nagast v. Office of the Public Defender, et al.*, Case No. 3:21-cv-0164-TWR-JLB (S.D. May 11, 2021) (Order dismissing First Amended Complaint for failing to state a claim without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)) (ECF No. 12).

Because Plaintiff accumulated these prior strike dismissals while incarcerated, he may not proceed IFP in this case unless he meets § 1915(g)'s "imminent danger" exception.[3] To do so, his pleadings must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting U.S.C. § 1915(g)). Imminent danger requires plausible allegations of harm "ready to take place," or "hanging threateningly over one's head," *id.* at 1056, and must also "stem[] from the violations of law alleged in [the] complaint," *Ray*, 31 F.4th at 701. The exception "functions as a limited safety valve," *id.*, but it "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm," *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053).

    Neither Plaintiff's Complaint nor his subsequently filed Declarations include any plausible allegations of imminent or ongoing physical danger. Instead, Plaintiff claims that a private property manager, together with two unidentified public housing commissioners, destroyed his property in 2024 and engaged in a campaign of harassment in order to assault and evict him because he is Black and Muslim. *See* Compl. at 3; *see also* ECF No. 3 at 1–3; ECF No. 4 at 2–3. Section 1915(g)'s "imminent danger" exception cannot be triggered merely by reference to past injuries. *See Cervantes*, 493 F.3d at 1053; *see also Allen v. Villanueva*, No. 3:20-cv-02334-WQH-WVG, 2021 WL 614995, at *2 (S.D. Cal. Feb. 16, 2021) ("[C]onclusory references to a past incident of force, without more, are insufficient to plausibly suggest Plaintiff faced an 'imminent danger of serious physical injury' at the

---

[3] A court in this district first noted Plaintiff's § 1915(g) bar in 2016 in *Byrd v. Director of Corrections, et al.*, Case No. 3:15-cv-2339-GPC-KSC (S.D. Cal. Feb. 29, 2016) (ECF No. 8 at 3–6).

time he filed his Complaint."); *Cohea v. Davey*, No. 1:19-CV-01281-LJO-SAB (PC), 2019 WL 5446490, at *1 (E.D. Cal. Oct. 24, 2019) (finding prisoner's allegations of past assaults insufficient to show "imminent danger" under 1915(g)), *reconsideration denied*, No. 1:19-CV-01281-NONE-SAB (PC), 2020 WL 5763929 (E.D. Cal. Sept. 28, 2020).

Moreover, none of Plaintiff's broad allegations of conspiracy, retaliation, or purported ADA violations plausibly suggest he faced imminent or ongoing physical danger at the time he filed suit from the San Diego County Jail. *See Cervantes*, 493 F.3d at 1055; *Tyler v. Matruz*, No. 25-CV-01337-CAB-DEB, 2025 WL 2441043, at *3 (S.D. Cal. Aug. 25, 2025) ("[P]ast assaults, random acts of racial discrimination or harassment, and sprawling allegations of conspiracy and retaliation do not meet § 1915(g)'s exception for 'imminent danger.'"); *Harris v. Phillips*, No. 1:23-CV-01051-SAB (PC), 2023 WL 5103357, at *2 (E.D. Cal. July 17, 2023) (finding alleged violations of the Americans with Disabilities Act insufficient to show "imminent" or "ongoing" danger), *report and recommendation adopted,* 2024 WL 2852447 (E.D. Cal. June 5, 2024).

For these reasons, the Court finds Plaintiff is not entitled to proceed IFP in this case. "A negative consequence that may impact a prisoner who files . . . frivolous complaint[s] is a restriction on his ability to file future cases without prepaying filing fees." *Harris*, 863 F.3d at 1139. Because Plaintiff did not pay the full $405 statutory and administrative filing fee required by 28 U.S.C. § 1914(a), his litigation history precludes proceeding IFP, and he was not in imminent danger of serious physical injury at the time he filed his Complaint and therefore does not qualify for § 1915(g)'s exception to the three-strikes rule, his suit is subject to dismissal. *See Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed . . . .").

//
//
//
//

## II. CONCLUSION

Accordingly, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 6) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a);

(3) **DENIES** Plaintiff's Motion to Postpone (ECF No. 7) as moot;

(4) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

(5) **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated: January 5, 2026

*Robert S. Huie*

Hon. Robert S. Huie
United States District Judge